# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

CEDRIC BLAIR,

    Plaintiff,

v.                                                          Case No: 8:17-cv-395-T-30AEP

MEGAN J. BRENNAN,

    Defendant.

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) and Plaintiff's Verified Memorandum in Opposition (Doc. 6). Defendant argues that Plaintiff's employment discrimination claim is time-barred. Upon review, the Court concludes that it will deny Defendant's motion but that Defendant may renew its argument in a motion for summary judgment after a 60-day period of discovery on this issue.

## BACKGROUND

This is an employment discrimination action brought under Title VII of the Civil Rights Act. Prior to initiating this action, Plaintiff exhausted his administrative remedies by filing a discrimination complaint with the United States Postal Service ("USPS"). On November 9, 2016, the USPS issued its Final Agency Decision ("FAD"), in which it found no evidence of discrimination. Thereafter, on February 16, 2017, Plaintiff filed this lawsuit. Defendant argues that the lawsuit is time-barred because Plaintiff did not file the Complaint

(Doc. 1) within 90 days of receiving the FAD, as is required by 42 U.S.C. section 2000e-16(c).

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss a complaint when it fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal citation omitted). It must also construe those factual allegations in the light most favorable to the plaintiff. *Hunt v. Aimco Properties, L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016) (internal citation omitted).

To withstand a motion to dismiss, the complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Pleadings that offer only "labels and conclusions," or a "formulaic recitation of the elements of a cause of action," will not do. *Twombly,* 550 U.S. at 555.

## DISCUSSION

Title VII requires a plaintiff to file a civil action within 90 days of receiving a government agency's notice of final action. 42 U.S.C. section 2000e-16(c). When a defendant challenges the timeliness of a plaintiff's complaint, the plaintiff bears the burden to show that he satisfied the requirement of timely filing. *Kerr v. McDonald's Corp.,* 427 F.3d 947, 952 (11th Cir. 2005) (internal citation omitted). Courts will apply a presumption

2

that a plaintiff received the notice within three days of its being mailed unless the plaintiff can demonstrate that his failure to receive the notice "was in no way [his] fault." *Id.* at 952-53. Ultimately, the court must determine when the 90-day period begins to run on a case-by-case basis, so as "to fashion a fair and reasonable rule for the circumstances of each case" without "enabling [plaintiffs] to enjoy a 'manipulable open-ended time extension which could render the statutory minimum meaningless.'" *Id.* at 952 (internal citation omitted).

The Parties dispute when Plaintiff and his attorney received the FAD from USPS. Plaintiff alleges in the Complaint that he "received a Final Agency Decision from Defendant within the 90-day period before filing this action." (Doc. 1, ¶ 4.) However, Defendant filed a copy of the FAD and USPS tracking documents, which indicate that the FAD was delivered by certified mail to both Plaintiff and his attorney's office on November 12, 2016—96 days before Plaintiff filed the Complaint.[1] (Docs. 5-1 & 5-2.) In his Verified Response, Plaintiff contends that USPS must have misdelivered the FAD addressed to his attorney's office because his attorney did not receive the FAD on November 12 (a Saturday) or November 14 (the next business day). (Doc. 6, ¶¶ 8, 18-19.)

Because courts must make findings of fact regarding when a plaintiff and/or his attorney received the FAD in order to determine whether an action was timely filed, courts

---

[1] The Court can consider these documents without converting this motion into a motion for summary judgment because the FAD is central to Plaintiff's claim and undisputed and the USPS tracking documents are public records. *See Speaker v. United States Dep't of Health & Human Servs.*, 623 F.3d 1371, 1379 (11th Cir. 2010) (internal citations omitted); *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (internal citations omitted).

tend to decide this issue at summary judgment or after holding an evidentiary hearing. *See, e.g., Kerr,* 427 F.3d at 948 (summary judgment); *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999) (summary judgment); *Law v. Hercules, Inc.*, 713 F.2d 691, 692 (11th Cir. 1983) (summary judgment); *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982) (reversing dismissal and remanding for an evidentiary hearing). Thus, the Court is reluctant to determine that Plaintiff's claims are time-barred as a matter of law based on this limited record and at this stage in the proceedings.

However, given that Plaintiff has only one claim and that claim may be time-barred, it is appropriate to resolve this issue before the Parties proceed to engage in extensive discovery regarding the merits of Plaintiff's claim. Accordingly, the Court will stay all existing case-related deadlines, including the need to file a case management report, for 90 days. The Parties shall have 60 days to engage in discovery limited to when Plaintiff and his attorney received the FAD, the circumstances surrounding their receipt of the FAD, and whether equitable tolling should apply in this case. Each party will then have an additional 14 days in which to file a motion for summary judgment on this issue (if they wish).

It is therefore ORDERED AND ADJUDGED that:

1. Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 5) is denied.
2. All existing case-related deadlines, including the need to file a case management report, are stayed for 90 days.
3. The Parties shall have 60 days to engage in limited discovery as described in this Order.

4. The Parties will then have an additional 14 days in which to file a motion for summary judgment regarding the timeliness of this lawsuit.

**DONE** and **ORDERED** in Tampa, Florida, on June 12th, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record